Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5583 | **DATE** | 7/22/2002 |
| **CASE TITLE** | Robert More vs. R & L Carriers, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Memorandum Opinion and Order entered. Plaintiff's Motion to File Amended Complaint [#28] is hereby denied. *AK*

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

2
number of notices

JUL 2 3 2002
date docketed

docketing deputy initials

7/22/2002
date mailed notice

**Document Number**

74

courtroom deputy's initials FT/*secy*

U.S. DISTRICT COURT
CLERK
02 JUL 22 PM 3: 15
FILED
Central Clerk's Office

FT
mailing deputy initials

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**JUL 2 3 2002**

ROBERT J. MORE,  )
                  )
    Plaintiff,    )
                  )
    v.            )        No. 00 C 5583
                  )
R&L CARRIERS, INC.,  )     Judge Joan B. Gottschall
                  )
    Defendant.    )
                  )        Magistrate Judge
                  )        Arlander Keys

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks leave of the Court to file an amended complaint.[1]  For the following reasons, Plaintiff's motion is denied.

### PROCEDURAL HISTORY

The plaintiff, Robert J. More, filed suit against R&L Carriers, Inc.(the "Defendant") under Title VII of the Civil Rights Act of 1964 ("Title VII").  Mr. More claims that the Defendant terminated him because of his religion and failed to reasonably

---

[1] Mr. More filed his motion under the title "PLAINTIFF'S MOTION OF 11/16/01 TO FILE HIS 'AMENDED AS OF 11/16/01 COMPLAINT ON OR BEFORE 11/16/01 & TO OBTAIN OTHER FORMS OF RELIEF."[sic] In the interest of conserving space, the Court hereinafter refers to such motion as the "Motion to Amend Complaint" and refers to Mr. More's amended complaint as the "Amended Complaint."

Further, as a result of the numerous typographical errors and abbreviations contained in both Mr. More's Complaint and subsequent Amended Complaint, the Court will not use "[sic]" after each sentence containing an error.  Instead, the Court will hereinafter omit the use of "[sic]" altogether for conservation of time and space.

74

accommodate his religion. (Compl. ¶¶ 9, 12.) On Approximately May 17, 2000, Mr. More filed charges of discrimination against the Defendant with the United States Equal Employment Opportunity Commission (the "EEOC"). (Compl. ¶ 7.) Mr. More received a right to sue letter from the EEOC, and subsequently filed the instant case against the Defendant.[2] (Compl. ¶ 8.) Mr. More's original complaint (the "Complaint") also included R&L Transfer, Inc., Ralph Roberts, Michael Murray, Todd Smith, Frank Sheldon, and Robert Russell. However, on August 15, 2001, Judge Gottschall dismissed R&L Transfer, Inc. and the above-named individuals (the individuals are hereinafter referred to as the "Dismissed Parties") as defendants in this case. (*See, More v. R&L Carriers, Inc.*, No. 00-C5583, Minute Order Granting Motion to Dismiss Certain Defendants (N.D. Ill. August 15, 2001)). The only remaining defendant in the Complaint is R&L Carriers, Inc.

_____

[2] Mr. More has also filed various charges against the Defendant in other forums, including a defamation claim in the Circuit Court of Cook County and a claim with the Occupational Health and Safety Administration ("OSHA"), alleging that Defendant has violated various United States Department of Transportation rules. (*See*, Def.'s Mem. Opp. Pl.'s Mot. at 4.) Mr. More voluntarily dismissed the defamation action against Defendant, and the claim filed with OSHA is currently pending before the United States Court of Appeals for the Seventh Circuit. (Def.'s Ex. C; *See*, Def.'s Mem. Opp. Pl.'s Mot. at 5.) On the other hand, the Cook County's State's Attorney's Office has filed a telephone harassment charge against Mr. More, which is currently pending before the Circuit Court of Cook County. (Def.'s Mem. Opp. Pl.'s Mot. at 5.) Mr. More has appealed a particular ruling in the telephone harassment case to the Illinois Appellate Court, which is currently pending. (*See,* Def.'s Mem. Opp. Pl.'s Mot. at 5.)

Mr. More seeks leave from the Court[3] to file an Amended Complaint, which would result in the following counts being added to his lawsuit: Count I - Disparate Treatment; Count II - Failure to Reasonably Accommodate; Count III - Hostile Work Environment; Counts IV & IX - Retaliatory Refusal to Rehire/Retaliatory Discharge; Counts V & VI - Defamation; Counts VIII[4] & X - Negligence; Counts XI & XII - RICO; and Count XIII & XIV[5]- Declaratory and Injunctive Relief.

Mr. More's Amended Complaint seeks to add the following parties to the Amended Complaint[6]: (1) the Dismissed Parties; (2) DAC Services, a driver referral service; (3) the law firm of Fagel & Haber and its attorneys Floyd Babbitt, Richard Bruen, Sheryl Allenson and John Cullerton (collectively, "Defendant's Attorneys"); (4) United States Secretary of Labor Elaine L. Chao, United States Department of Labor Administrative Law Judge John Holmes, United States Department of Labor Administrative Review

---

[3] Judge Gottschall referred this matter to the Court on February 20, 2002.

[4] Mr. More did not list a "Count VII."

[5] Mr. More listed two "Count XIII". Therefore, the Court will hereinafter refer to the second, or last, "Count XIII" in the Amended Complaint as "Count XIV."

[6] The Amended Complaint is not well organized and often hard to follow, therefore, the Court must speculate and infer certain matters, including which counts apply to which parties, as Mr. More often did not make this clear. Therefore, the Court will match each count to each party, or parties, if required, in its analysis.

Board Members Cynthia Attwood and Richard Beverly; and (5) United States Secretary of Transportation Norman Y. Mineta and the United States Department of Transportation.

## **FACTS**

Mr. More worked as a line haul driver for the Defendant for approximately five weeks, from June to July 1999. (Def.'s Mem. Opp. Pl.'s Mot. at 3; Ex. D at 1.) He did not complete his 90-day probationary period. Mr. More alleges that the Defendant did not have a legitimate business reason for terminating him, and that his termination was discriminatory. (Compl. ¶ 13(I).) Mr. More claims that he was "subject to activity and treatment that left the work environment . . . abusive to anyone of Christian convictions." (*Id.*)(emphasis omitted).

Mr. More states that he informed several of the Defendant's employees, including supervisor Frank Sheldon, a dispatcher named "Don" and the terminal manager Todd Smith, that Mr. More was an adherer of the Roman Catholic religion and would be unable to perform or otherwise engage in activities that were contrary to his religious beliefs. (Compl. ¶ 13(II).) Mr. More asserts that he continuously informed the Defendant of the activities in which he could not participate, because of his religious beliefs. (*Id.*) Mr. More also avers that he continuously volunteered input and advice to the Defendant on how to conduct its business in a legal and moral manner. (*Id.*)

4

Mr. More alleges that, after Mr. Smith discovered that Mr. More had attended the University of Notre Dame, Mr. Smith told him "I won't hold it against you that you went to Notre Dame." (*Id.*) Mr. More also claims that there were several other times when Mr. Smith made discriminatory remarks to him, including on July 8, 1999 when Mr. Smith referred to a football player being recruited by Notre Dame as playing for "this *Catholic* (with a distinctive and not at all approving emphasis on the term) high school." (*Id.*) Also, Mr. More alleges that Mr. Smith made a "derogatory reference" about the sexual activities of certain individuals affiliated with Notre Dame, including referring to a woman who was "doing Notre Dame's DB's." (*Id.*) Next, Mr. More alleges that, in hopes of dissuading Mr. Smith from making similar future remarks, Mr. More "made a comment through a dispatcher" relating to his religion and the "requirement of righteousness." (*Id.*) Shortly thereafter, Mr. Smith allegedly told Mr. More that he should be on a phone sex line. (*Id.*) Finally, Mr. More was terminated on July 21, 1999.

Mr. More also alleges that he notified the corporate office of his concern about having to work without the "legally mandated 8 hours rest break." (Compl. ¶ 13(II)). Mr. More then alleges that an individual in "safety," named Randy Russell, told him that he would "look into it," but the next day, he scolded Mr. More for "operating outside of the Department of Transportation rules." (*Id.*)

## I. The Amended Complaint Does Not Contain Short and Plain Statements.

A complaint must use "short and plain statements" which

---

[7] The Court finds it necessary to note at this time that Mr. More's Motion to Amend Complaint, and his Amended Complaint, of approximately 242 paragraphs, were extremely difficult to decipher and read. The Court is cognizant of Mr. More's *pro se* status, lack of legal training, and subsequent lack of any relevant legal support and analysis contained in his pleadings. However, the Court's sympathy for Mr. More's *pro se* status aside, Mr. More's pleadings are extremely disorganized, profoundly confusing, and, most importantly, the majority of his points and comments are irrelevant to the resolution of the issues in this case. Thus, the Court has laboriously cut through all of the irrelevant and improper statements made by Mr. More in his pleadings and focused on the actual legal issues involved. The Court, however, is unsure as to whether it has addressed all the legal issues Mr. More has embedded in his extremely long and rambling Amended Complaint. However, the Court's ultimate ruling in this matter is unaffected by any inadvertent omissions by the Court of Mr. More's claims or allegations.

Further, on January 8, 2002, Mr. More was ordered by the district court to cease handwriting his pleadings, because the pleadings were sloppy and illegible. *More v. R&L Carriers, Inc.*, No. 00-C5583, Minute Order (N.D. Ill. Jan. 8, 2002). The district court warned Mr. More that future handwritten filings would be stricken. (*Id.*) Unfortunately, Mr. More did not heed the district court's warning and has filed his handwritten "Superabbreviated Response to Defendant R&L Carriers et al's Opposition of RJM's Motion to Amend Complaint" ("Superabbreviated Response").

Not only was Mr. More's Superabbreviated Response sloppily handwritten and difficult to read, but Mr. More states that his Superabbreviated Response is not his "official response." The Court will overlook, this one time only, Mr. More's failure to follow the district court's ruling by filing a handwritten document, but the Court rejects Mr. More's contention that his Superabbreviated Response is not his "official response." The Court notes that Mr. More has subsequently not filed anything resembling another response – "official" or otherwise. Thus, the Court holds that Mr. More's Superabbreviated Response is his actual response to the Defendant's Memorandum in Opposition to Mr. More's Motion to Amend Complaint.

properly set forth the grounds for jurisdiction, the claims presented, and the relief sought. FED. R. CIV. PRO. 8(a)(2002). The goal of the "short and plain statements" rule is to allow the defendant the opportunity to frame a responsive pleading. *See*, FED. R. CIV. PRO. 8(b). In addition, "[e]ach averment of a pleading shall be simple, concise, and direct." FED. R. CIV. PRO. 8(e)

However, the Seventh Circuit does not hold *pro se* litigants to the same standard as counseled litigants. *McCottrell v. EEOC*, 726 F.2d 350, 351 (7th Cir. 1984). It is well established in the Seventh Circuit that *pro se* complaints shall be liberally construed and "are entitled to less stringent scrutiny than those prepared by counsel." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

The Court finds that Mr. More's complaint does not contain anything resembling short and plain statements, nor are his averments "simple, concise, and direct." The Court concludes that it would be next to impossible for the Defendant, or any other party that Mr. More is seeking to add to the Amended Complaint, to respond to such averments as the one contained in Paragraph 22(a) of Count I which states: "Persecution of Christians is not only pervasive in this Anti-Christian Society, but it has been foretold that this condition of persecution would be the earthly lot of Christians throughout history . . . ." (citations and quotations to the Bible omitted). The other approximately 241 paragraphs of Mr.

7

More's Amended Complaint are similarly filled with irrelevant, invective, and sometimes incomprehensible statements, which generally fail to state the claims presented or the relief sought by Mr. More.

Thus, the Court concludes that it would be utterly impossible and unnecessary for the Defendant to answer the allegations or respond to the statements in the Amended Complaint, which often do not relate to any identifiable claims. Therefore, the Court must deny Mr. More's Motion to Amend Complaint. However, *assuming arguendo*, that Mr. More followed Federal Rules of Civil Procedure 8(a) and 8(e), the Court nevertheless holds that Mr. More cannot amend his Complaint for the reasons set forth below.

## II. **Mr. More's Additional Counts Do Not Relate Back to the Prior Claims in his Complaint**.

After a responsive pleading has already been served, a court should allow a plaintiff to amend a complaint "when justice so requires." FED. R. CIV. PRO. 15(a). However, the claims in the amended complaint must relate back to the original complaint. FED. R. CIV. PRO. 15(c). An amendment relates back when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the

action that the party will not be prejudiced in
maintaining a defense on the merits, and (B) knew or
should have known that, but for a mistake concerning the
identity of the proper party, the action would have been
brought against the party.

*Id.*

Further, claims brought under Title VII are limited by the
scope of the EEOC charge. *Alexander v. Gardner-Denver Co.*, 415
U.S. 36, 47 (1974). The strict "rule serves the dual purpose of
affording the EEOC and the employer an opportunity to settle the
dispute through conference, conciliation, and persuasion, and of
giving the employee some warning of the conduct about which the
employee is aggrieved." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d
497, 500 (7th Cir. 1994) (internal citations omitted).

However, the EEOC charge need not contain every single fact
that combines to form the basis of each claim in the Title VII
plaintiff's complaint. *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d
1188, 1195 (7th Cir. 1992). A plaintiff may be allowed to include
acts that occurred after filing with the EEOC if the subsequent
acts fall within the scope of the EEOC charge. *See generally
Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th
Cir. 1976)(en banc). To be considered within the scope of the
charge, the subsequent acts must be "like or reasonably related
to", *Jenkins*, 538 F.2d at 167 (quoting *Danner v. Phillips Petroleum
Co.*, 447 F.2d 159, 162 (5th Cir. 1971)), the charge or "reasonably
be expected to grow out of" the charge. *Cheek*, 31 F.3d at 500.
Courts recognize that lay persons, not lawyers, fill out EEOC

9

charges, thus a fair amount of latitude is allowed in determining what is within the scope of the charge. *Id.*

However, a plaintiff is not given free reign to flout the Federal Rules of Civil Procedure (the "Rules") requirement for amending a complaint. Amendments are:

> bounded in scope by the event or events that triggered the original [c]omplaint - that it does not establish an open line of communication to the court, enabling the litigant to voice at his or her will any and all grievances that may later erupt. If any such later claims do arise, the litigant must normally make them the subject of separate complaints.

*De La Paz v. Peters*, No. 93 C 7652, 1995 U.S. Dist. LEXIS 10192, at *1-2 (N.D. Ill. July 18, 1995).

### A. **Employment Discrimination Counts**.

Mr. More's Amended Complaint seeks to add Counts I-IV and IX, each of which alleges some form of employment discrimination, against the Defendant. Mr. More never properly presented any of these new claims, save for the reasonable accommodation claim in Count II, to the EEOC, and therefore, the EEOC's investigatory and conciliatory role has been frustrated. Further, the Defendant never received warning of these charges, and to include these new charges in the Amended Complaint would unduly prejudice the Defendant. The Court also concludes that the new Counts do not relate back to the Complaint, because the facts alleged often do not arise from the same facts which Mr. More alleged in his EEOC charge, as further discussed below.

With respect to Count I, Mr. More reiterates the points he made in his initial EEOC charges. Mr. More also brings in a new claim of disparate treatment that he did not allege in his initial EEOC charge. Further, in neither the Complaint nor the Amended Complaint did Mr. More identify any person or persons of *any* faith that the Defendant treated differently (emphasis added). Mr. More also does not set forth the circumstances under which he believes the disparate treatment occurred. The disparate treatment allegations were never investigated by the EEOC, and such allegations do not arise from the conduct alleged in the Complaint. Therefore, Count I does not relate back to the Complaint and cannot be added to the Complaint by amendment.

Mr. More argues in Count II that the Defendant should have reasonably accommodated his religion. (Am. Compl. ¶ 60.) He also alleges "disparate impact," but does not otherwise explicate the basis for the allegation. However, Mr. More has already raised a reasonable accommodation claim against the Defendant in his original EEOC charge. Mr. More does not allege relevant, additional facts that support the Court granting him leave to add Count II to his Complaint. Once again, Count II is replete with confusing and irrelevant statements and references that make it exceedingly difficult to locate any factual allegations supporting a reasonable accommodation claim. The Court concludes that it would be unduly burdensome to require Defendant to answer the

11

approximately thirty-seven averments in Count II that are mostly irrelevant to the claim of reasonable accommodation. Thus, justice does not require that Count II be added to the Complaint by amendment.

Mr. More alleges under Count III that Defendant created a hostile work environment. However, the facts averred in Count III include the incident involving the telephone harassment charge against him and several matters discussed during the OSHA proceeding. Both of these events took place after the EEOC charge was filed. The telephone harassment charge and the OSHA hearing are matters that are not reasonably related to, nor expected to grow out of, Mr. More's charge of religious discrimination, and therefore, are beyond the scope of the EEOC charge. Thus, the facts alleged in Count III do not relate back to the Complaint and are not proper to add by the Amended Complaint.

In Counts IV and IX, Mr. More is raising claims of retaliatory discharge and the Defendant's refusal to rehire him. In Count IV, Mr. More alleges that the Defendant unlawfully refused to rehire him after he was terminated. However, Mr. More does not state any facts supporting a claim for which relief should be granted. He appears to only request that, as a form of relief, the Defendant rehire him. (Am. Compl. ¶ 95.) Count IX seeks relief based on Mr. More's claim that his termination was in retaliation for suggestions he made to his supervisors and his refusal to violate

12

the Federal Motor Safety Regulations. (Am. Compl. ¶¶ 87-91.) The facts alleged in Counts IV and IX do not arise from the same conduct or occurrence that gave rise to Mr. More's claim of religious discrimination in the Complaint. The Court concludes that Counts IV and IX, therefore, do no relate back to Mr. More's Complaint of religious discrimination, and therefore, cannot be added by amending the Complaint.

**B.    Negligence Counts.**

Counts VIII and X allege negligence on the part of the Defendant. Count VIII alleges that the Defendant was negligent by violating the Federal Motor Carrier Safety Regulation relating to the hours requirements of truck drivers. Mr. More claims that the Defendants and the Defendant's Attorneys were negligent under Count X for their respective actions at the OSHA hearing. Similar to the Court's finding with respect to Counts IV and IX, Counts VIII and X do not relate back to Mr. More's initial EEOC charge, as both Counts are not even Title VII claims. Therefore, Counts VIII and X are inappropriate to add to Mr. More's Complaint.

**C.    Defamation Counts.**

Mr. More sets forth allegations of defamation against the Defendant and DAC Services in Counts V and VI, respectively, of his Amended Complaint. However, Illinois has a one year statute of limitations for defamation claims. 735 ILL. COMP. STAT. 5/13-201 (2001).

Mr. More's allegations of defamation stem from actions that allegedly occurred between July 28, 1999 and August 30, 2000. Mr. More raises these allegations for the first time in his Amended Complaint, and therefore, the one-year statute of limitations has expired.[8] The Court holds that Mr. More may not add Counts V and VI, alleging defamation, by amending the Complaint.

**D.   RICO Counts.**

The Racketeer Influenced & Corrupt Organizations Act ("RICO"), sets forth the various prohibitions relating to racketeering activities. 18 U.S.C. 1961 *et al.* (2001). In Counts XI and XII of his Amended Complaint, Mr. More alleges that the Defendant, the Dismissed Parties, the Defendant's Attorneys, the Department of Labor[9] ALJ Holmes, Ms. Attwood and Mr. Beverly have all violated RICO in one way or another. However, the RICO claims are not Title

---

[8]   The Court also concludes that the alleged defamatory activities do not arise from the same conduct or transaction, as required by Rule 15(c). Mr. More was terminated on July 21, 1999, and therefore, the alleged defamatory activity is outside the scope of his EEOC charge. Further, DAC Services was not a party in the Complaint, nor would it have been a proper party that should have known it would be sued by the Defendant under the Complaint, and therefore, amending the Complaint to add DAC Services is inappropriate.

[9]   The Court could not locate the counts under which Ms. Chao and the United States Department of Labor (the "DOL") are charged. However, Ms. Chao and the DOL cannot be properly added to the Amended Complaint, because they were not parties in the original EEOC charge. Therefore, any claims against them do not relate back to the Complaint, as required by Rule 15(c).

VII claims which the EEOC would have investigated in its duties, and do not relate back to the Complaint, as required by Rule 15(c).

In Count XI, Mr. More discusses the circumstances surrounding the alleged threatening or harassing telephone messages that he allegedly left for the Defendant. Mr. More claims that the Defendant and the Defendant's Attorneys' activities relating to the matter of the telephone messages and the subsequent hearing violated the RICO statute. However, the telephone message incident occurred after Mr. More was terminated. The Court finds that the incident is completely unrelated to the claims set forth in Mr. More's EEOC charge, and further, involves the Defendant's Attorneys, who were not previously named as defendants in Mr. More's Complaint. Therefore, Mr. More may not add Count XI by amending the Complaint.

In Count XII, Mr. More alleges that ALJ Holmes and U.S. Department of Labor Administrative Review Board Members Ms. Attwood and Mr. Beverly violated RICO in their handling of the OSHA proceeding. As stated above, the circumstances surrounding the phone harassment issue do not arise from, and do not relate back to, the EEOC charge. Further, it is improper for the Court to allow such a claim to be added to the Complaint when the decisions made by the ALJ and the Board Members in that case are currently pending before the Seventh Circuit.

## E.  Declaratory and Injunctive Relief Counts.

In Count XIII, Mr. More seeks a declaratory judgment, finding unconstitutional the Federal Motor Carrier Safety Regulation (the "Regulation" relating to the number of hours worked by operators of commercial vehicles.  Count XIII seeks to include the United States Department of Transportation as a party[10] to the Amended Complaint. As in his other counts, Mr. More waxes profoundly the reasons why the Regulation should be declared unconstitutional.  However, the Court's only concern in this matter is whether the constitutionality of the Regulations is related to Mr. More's initial charge of religious discrimination allegedly effected upon him by the Defendant.  Further, similar to the conclusions above, the Department of Transportation was not a party in the Complaint, and therefore, cannot be added as a party by amending the Complaint.

Finally, Count XIV's purpose is to seek a declaration from the Court preserving a RICO cause of action against various parties not named in the Complaint.  However, an Amended Complaint is not the proper pleading for such action.  Mr. More should file a separate complaint for any charges that are unrelated to the original

---

[10]  The Court assumes that Mr. More is charging Mr. Mineta under Count XIII, as well, because the Amended Complaint does not name him under any of the counts.  However, Mr. Mineta cannot be added to the Amended Complaint, because he was not an original party in the Complaint and the charges under which he is being sued do not arise from the alleged discrimination charged in the Complaint.

charge. As mentioned previously, the incident involving the telephone harassment and the subsequent hearing do not relate back to the EEOC charge of religious discrimination by the Defendant. Further, the parties that Mr. More seeks to add to Count XIV are not parties in the Complaint and, under the circumstances, it is contrary to Rule 15(c) to add them or Count XIV to the Complaint by amendment.

### F. **The Dismissed Parties**.

Mr. More asserts that he is including the Dismissed Parties in his Amended Complaint, because he is not satisfied with the district court's dismissal of the Dismissed Parties. (Am. Compl. ¶ 1.) However, as Judge Gottschall's Order indicates, Title VII suits may not be brought against individuals. (*See, More*, No. 00-C5583, (N.D. Ill. August 15, 2001); *see also, Williams v. Banning*, 72 F.3d 552, 554 (7th Cir. 1995)). Mr. More's Amended Complaint raises certain non-Title VII allegations against the Dismissed Parties, such as negligence and defamation. However, as discussed above, Mr. More cannot add these counts by amending the Complaint. Nevertheless, Mr. More remains a Title VII plaintiff, with Title VII claims. Further, Mr. More may not circumvent a prior order from the district court simply because he is not satisfied with the outcome. Thus, this Court holds that Mr. More may not add the Dismissed Parties through his Amended Complaint.

III. **Sanctions Against Mr. More are not Appropriate at this Time**.

Courts have the power to sanction lawyers who "multipl[y] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927 (2002). The term "vexatiously" implies that the litigant acted with "bad intent." *Alexander v. U.S.*, 121 F.3d 312, 316 (7th Cir. 1997). Lacking bad intent, sanctions can be appropriate when the litigant has been previously warned to desist from "unreasonable litigation-multiplying conduct" yet the litigant persists with the unreasonable conduct. *Id.* (*citing In re TCI Ltd.*, 769 F.2d 441 (7th Cir. 1985)). However, the Seventh Circuit has not ruled out sanctions against *pro se* litigants. *See Alexander*, 121 F.3d at 316.

The Defendant asks the Court to sanction Mr. More for "ignoring the concept of res judicata, basic Constitutional principles, and the August 15, 2001 Order" among other alleged unreasonable and vexatious conduct. (Def.'s Mem. Opp. Pl.'s Mot. Am. Compl. at 14.) Although Mr. More has filed numerous irrelevant documents, and continues to do so,[11] the Court declines to sanction him at this time. The Court allows *pro se* litigants more leeway

---

[11] Since the final brief on this matter has been filed, Mr. More has filed numerous documents that he refers to as "motions." Mr. More is needlessly sending the Court irrelevant documents, and therefore, the Court will not consider these "motions." However, the Court assures Mr. More that it has reviewed each and every document that he has sent to the Court, and thus, the Court can confidently strike all of these "motions" without infringing on Mr. More's rights to have a full and fair hearing.

and understands that Mr. More may not fully comprehend the Rules or the concept of briefs, motions, res judicata, and other legal principles, although he is not a typical pro se litigant. The Court does not wish to bar Mr. More from filing appropriate motions in the future, so long as such motions are properly filed and noticed for presentment. In this regard, the Court notes that, on several occasions since the instant motion was fully briefed, Mr. More has filed and noticed "Motions" for presentment which were non-elucidating and inappropriate, but which caused the Defendant's counsel to appear before the Court to defend. This has resulted in needless expense to the Defendant. However, the Defendant has wisely decided not to respond to most of Mr. More's "Motions," which would have resulted in even more expense.

The Court will not continue to allow Mr. More to flout the Federal Rules of Civil Procedure and the Local Rules because of his *pro se* status. The Court hereby orders Mr. More to cease from filing, or otherwise providing the Court with, any more superfluous and unnecessary documents or arguments that the Rules do not require or permit to be filed. Further, Defendant need not respond to any of Mr. More's future pleadings unless directed to do so by the Court. Mr. More may face sanctions in the future, including monetary sanctions and/or a recommendation that the Complaint be dismissed, if he fails to comply with the Court's order in this regard.

## ORDER

**IT IS THEREFORE ORDERED** that:

Mr. More's Motion to Amend his Complaint be, and the same hereby is, **DENIED.**[12]

**DATED:** July 22, 2002        **ENTER:**

_(signature)_

ARLANDER KEYS
United States Magistrate Judge

---

[12]   Notwithstanding the fact that this ruling is in the form of an Opinion and Order and not a Report & Recommendation, the Court hereby advises Mr. More that he has the right to file objections to the Court's ruling with the district court judge. Such objections must be filed within ten days after service of this Opinion.   *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Failure to object constitutes a waiver of the right to appeal. *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1039 (7th Cir. 1990).